UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| STATE OF OHIO, ex rel. | : | Case No. 1:13-CV-80 |
| RICHARD H. ACKERMAN and | : | |
| DORA C. ACKERMAN, et al., | : | |
| | : | |
| Plaintiffs-Relators, | : | |
| vs. | : | |
| | : | |
| HAMILTON TOWNSHIP, OHIO, et al., | : | |
| | : | |
| Defendants-Respondents. | : | |

**ORDER**

Before this Court is Plaintiffs' motion to remand. (Doc. 9) Plaintiffs-Relators originally filed their Complaint (Doc. 2) in the Warren County Common Pleas Court. Defendants-Respondents removed the action to this Court pursuant to 28 U.S.C. § 1441. (Doc. 1) Plaintiffs-Relators seek remand, arguing that Defendants-Respondents did not unanimously consent to removal and this Court is without jurisdiction. Defendants-Respondents oppose the motion (Doc. 13), and Plaintiffs-Relators have filed a reply brief. (Doc. 14) For the reasons that follow, the Court will grant Plaintiffs-Relators' motion to remand this case to the Warren County Common Pleas Court.

**BACKGROUND**

Plaintiffs are the Village of South Lebanon (Village), and a group of Village property owners. The Village boundaries partially overlap with Hamilton Township as a result of annexations by the Village under Ohio statutes. Since late 2011, the individual Plaintiffs allege they have been assessed police tax levies for the Hamilton Township Police District but do not

receive Township police services. (Pls.' Compl. ¶ 44) They receive Village police services and pay taxes to the Village that support these police services. (Id. ¶¶ 40, 41)

Defendant Nick Nelson is the Auditor of Warren County with responsibility for the assessment of real property taxes on behalf of the taxing authorities of Warren County, including Hamilton Township, the Township Police, and the Village. (Id. ¶ 4) The Auditor is assessing taxes to Individual Plaintiffs' properties for the Township Police levies. (Id. ¶ 68) Defendant Jim Aumann is the Treasurer of Warren County with responsibility for the collection of real property taxes on behalf of those taxing authorities. (Id. ¶ 5) The County Treasurer is collecting the police levy taxes on Village properties, and remits that revenue to Hamilton Township twice per year. (Terwilliger Aff. ¶ 3)

Defendant Hamilton Township is a political subdivision and governmental entity of Warren County, Ohio. It has adopted a limited home rule form of government under R.C. Chapter 504. (Pls.' Compl. ¶ 6) The Township Police was established as police district by Hamilton Township and the Hamilton Township Board of Trustees pursuant to R.C. 505.48. (Id. ¶ 9) Hamilton Township has no general authority to provide police services within the Village and only provides police services to unincorporated portions of Hamilton Township. (Id. ¶¶ 22, 23) The Board of Trustees is the taxing authority for Hamilton Township and the Township Police under R.C. 5705.01(A) and (C). (Id. ¶¶ 8, 10)

On October 25, 2001, the Ohio General Assembly created three new annexation processes including a process that is referred to as an expedited type-2 annexation. (Id. ¶ 49) This process was used when the Village annexed the Individual Plaintiffs' property. R.C. 709.023(H) provides that when property is annexed utilizing the expedited type-2 process, the annexed territory "shall not at any time be excluded from the township under section 503.07 of

the Revised Code and thus, remains subject to the township's real property taxes." (Id. ¶ 50) Prior to 2011, the County Auditor would cease assessing township police levies on property that was annexed. (Id. ¶ 53) However, in 2011, the Ohio Attorney General issued an opinion that territory annexed to a municipal corporation pursuant to the expedited type-2 annexation process continues to be subject to township police levies under authority of R.C. 709.023(H). (Id. ¶ 62) Plaintiffs allege that the Attorney General relied on an Ohio court of appeals decision that was subsequently reversed by the Ohio Supreme Court in 2012. (Id.)

Relying on the Attorney General's opinion, the County Auditor determined that the real property located in both Hamilton Township and the Village that was annexed by the expedited type-2 process would be assessed Hamilton Township police levies. (Id. ¶¶ 54, 58) The County Auditor created separate taxing districts for these expedited type-2 annexation properties. (Id. ¶ 55) Any other property located in both Hamilton Township and the Village that was annexed by a different process was not subject to these assessments. (Id. ¶ 56)

On December 31, 2012, Plaintiffs filed their complaint in the Warren County Common Pleas Court. (Doc. 2) The Defendants are Hamilton Township, the Township Police, the Board of Trustees, three individual Trustees, the Warren County Auditor, and the Warren County Treasurer. Plaintiffs' Complaint contains eleven causes of action, including claims that the tax assessments violate their Federal Constitutional rights under the Fifth and Fourteenth Amendments, and seek damages, declaratory judgment, injunctive and mandamus relief.

The County Defendants were served with process on January 4, 2013, and the Township Defendants were served on January 7, 2013. (Doc. 1 Ex. B) Because the case involves issues arising under the statutes and Constitution of the State of Ohio, the Ohio Attorney General was also served on January 7, 2013 as required by R.C. 2721.2. (Doc. 14 Ex. A) The Township

Defendants filed the Notice of Removal (Doc. 1) pursuant 28 U.S.C. §1331 and §1441 on February 4, 2013.  On February 21, 2013, the County Defendants answered the complaint (Doc. 6) but did not consent to removal.  Plaintiffs then filed their motion to remand this case to state court.  (Doc. 10)

## ANALYSIS

### Standard of Review

A defendant may remove an action brought in state court over which the federal district court would have original jurisdiction.  28 U.S.C. § 1441(a).  Statutes conferring removal jurisdiction are strictly construed because removal jurisdiction encroaches on a state court's jurisdiction.  Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999).  As a result, all doubts regarding the removal petition will be resolved against removal.  Queen ex rel. Province of Ont. v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989).  The removing party bears the burden of proving that removal is proper.  Wilson v. Republic Iron & Steel Co., 257 F.3d 754, 757 (6th Cir. 2000).  Defendants must demonstrate that a district court would have original jurisdiction in order to properly invoke this Court's removal jurisdiction.  Eastman v. Marine Mach. Corp., 438 F.3d 544, 549-50 (6th Cir. 2006).

### Unanimous Consent to Removal

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  However, unanimous consent is not required if the non-joining defendant is merely a nominal or formal party.  Klein v. Manor Healthcare Corp., 1994 WL 91786 at *3, n. 8 (6th Cir. 1994).

The Township Defendants argue that the County Defendants' consent is not required because the County Defendants are merely nominal or formal parties. A nominal or formal party is one who "is not an indispensable party to the controversy." Salem Trust Co. v. Manufacturers Fin. Co., 264 U.S. 182, 190 (1924). "There is no prescribed formula for determining whether a party is indispensable." Soberay Mach. & Equip. Co. v. MRF Ltd., 181 F.3d 759, 765 (6th Cir. 1999). However, all parties who have an interest in the controversy of such a nature that a final decree cannot be made without affecting that interest, or without leaving the controversy in such condition that its final determination may be wholly inconsistent with equity and good conscience, are considered indispensable. Niles-Bement-Pond Co. v. Iron Moulders' Union, Local No. 68, 254 U.S. 77, 80 (1920).

The Township Defendants argue that the County Defendants are nominal or formal parties because they are being sued in their official capacity. They cite OK Yeon Cho v. District of Columbia, 547 F. Supp. 2d 28 (D.D.C. 2008), where a district court denied remand on that basis. There, the director of a consumer regulatory body, Argo, was sued in her official capacity along with the district, but she did not consent to the removal by the district. Id. at 30. The court held that, generally, when a defendant is sued in his or her official capacity, the defendant is not an indispensable party because the suit is not against the individual official but rather against the official's office. Id.; see also, Brandon v. Holt, 469 U.S. 464, 471-72 (1985) ("[A] judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond."). The District of Columbia removed the case, so Argo's consent was not required. OK Yeon Cho, 547 F. Supp. 2d at 30. But here, Warren County is not a party to this action. The County Auditor and County Treasurer are the only two Warren County defendants and the rationale used in OK

-5-

Yeon Cho and Brandon does not apply in this case.  Moreover, a defendant sued in his or her official capacity is not automatically considered to be a formal or nominal party.  Cf. Soberay Mach.,181 F.3d at  765 (stating that whether party is indispensable is a factual determination); Fifth Third Bank v. U.S. Golf & Sports Ctrs., Inc., 2011 WL 3288420 (N.D. Ohio 2011) (holding that a county treasurer named in his official capacity was indispensable in a foreclosure case).

      The Township Defendants also argue that the presence of the County Defendants is not necessary to afford complete relief to the real parties in interest under Fed. R. Civ. P. 19(a).  The Township Defendants assert that the County Defendants are only intermediaries or stakeholders and have no interest in the outcome of the lawsuit because they do not directly benefit from the levies.  And, the Township Defendants contend that they will be able to reimburse any taxes that may have been improperly collected because the County Defendants remit that revenue to the Township.  A similar argument was made in Salem Trust Co. v. Mfrs.' Fin. Co., 264 U.S. 182, 189 (1924), where the Supreme Court held that the bank was not an indispensable party because the bank was merely holding debt as an intermediary and had no real interest in the final judgment of the case.

      Based upon the Plaintiffs' complaint, the County Defendants are more than just intermediaries or disinterested holders of funds.  Plaintiffs seek damages, declaratory relief, mandamus, and injunctive relief against the County Defendants based on their assessment and collection of the challenged levies.  The assessment and collection of property taxes are statutory duties of the County Auditor and County Treasurer.  See R.C. 319.30, 321.08, 321.10, 321.24.  Plaintiffs have directly challenged the decisions and actions of the County Auditor and County Treasurer.  If the Plaintiffs are successful in this action, the County Defendants' interests will be affected.  The County Defendants, whose statutory responsibilities are challenged, are not

merely formal parties to this lawsuit.  See Rose v. Giamatti, 721 F. Supp. 906, 914 (S.D. Ohio 1989) ("A real party [in] interest defendant is one who, by substantive law, has the duty sought to be enforced or enjoined").  On the face of the complaint, the County Defendants are indispensable parties to this litigation.  Because they have not consented to removal, this case must be remanded.  Plaintiffs' alternative arguments regarding supplemental jurisdiction and abstention need not be addressed in view of this conclusion.

## Attorney's Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal."  28 U.S.C. § 1447(c).  In Martin v. Franklin Capital Corp., the Supreme Court stated that "absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  546 U.S. 132, 141 (2005).  However, a finding of bad faith or improper purpose is not required.  Morris v. Bridgestone/Firestone, Inc., 985 F.2d 238, 240 (6th Cir. 1993).

There is no dispute that the complaint was removable, as federal question jurisdiction was clear from the face of the complaint.  The only dispute is whether the Township Defendants' belief that they could obtain consent from the County Defendants was reasonable.  The Township Defendants filed the affidavit of their counsel, Mr. Weisenfelder, who avers that he spoke to the Warren County Assistant Prosecutor on January 30, 2013; the prosecutor told him that he had not been able to talk about the case with the County Defendants, "but would recommend to his clients that the case be removed to Federal Court."  A few days later, the prosecutor confirmed that he would be representing the County Defendants, as their insurer had not accepted the defense.  Weisenfelder again attempted to ascertain their position about removal

prior to the deadline for the Township's response to the complaint in state court; the prosecutor advised that the County Defendants "were not necessarily desirous of being in Federal Court," but that he would continue to recommend that they consent.  Weisenfelder was unable to get a definitive response from the County Defendants prior to the filing of notice of removal on February 4.  The Township Defendants argue that, given the tight timelines they faced and the fact that the prosecutor was recommending that the County Defendants consent, they had an objectively reasonable basis upon which to remove the case.  The Court agrees that given the facts set forth in the affidavit, an award of attorney fees is not warranted.

The Township Defendants also maintain that, notwithstanding the County Defendants' failure to consent, their belief that the County Defendants were nominal parties was also objectively reasonable.  There is case law holding that a defendant named in his or her official capacity may be a nominal or formal party.  See e.g., Brandon, 469 U.S. at 471-72; OK Yeon Cho, 547 F. Supp. 2d at 30.  And while this Court concludes that the Treasurer and Auditor are necessary parties, the contrary position is not so objectively unreasonable that an award of fees would be appropriate.  In viewing all of these facts, the Court declines to award costs and fees to Plaintiffs.

## CONCLUSION

For all the foregoing reasons, the Court grants Plaintiffs' motion to remand this case to the Warren County Common Pleas Court.  The Court denies Plaintiffs' request for attorney's fees.

SO ORDERED.

Dated: July 8, 2013              s/Sandra S. Beckwith
                                 Sandra S. Beckwith, Senior Judge
                                 United States District Court